McCOMAS v. STATE—(2 Cases).

Nos. 297, 298. 4th Dist., Lawrence Co.

Decided April 2, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

661. INTOXICATING LIQUOR—936. Possession.

1. Where intoxicating liquor or property designed for manufacture of liquor is charged to have been found in possession of any person, and evidence does not show that when so found, such person had actual physical possession, and the only basis for charge is that it was found on premises owned and controlled by accused, it must be shown that it was found at such point or place on such premises that presumption reasonably arises that accused knew of its presence there.

2. Possession, under statute, in every case, must be "conscious possession."

Error to Common Pleas.
Judgment reversed.

Irish & Riley, Ironton, for McComas.
James Collier, Ironton, for State.

STATEMENT OF FACTS.

The plaintiff in error was charged, by affidavit, in the Common Pleas Court, with the unlawful possession of intoxicating liquor and the possession of property designed for the manufacture of liquor, namely, "one copper still complete." He was tried and found guilty under both charges. As the two violations grew out of one transaction the charges were tried together and a bill of exceptions filed in each case shows all the evidence adduced in support of both charges. It is contended by the plaintiff in error here that his conviction was improper and that the judgment in each case is not supported by sufficient evidence.

The bill of exceptions discloses that on or about the sixth day of December, 1927, several officers of the state and federal prohibition department visited the premises of the plaintiff in error with a search warrant, and while investigating the situation under the authority of that warrant they found the liquor and the still in question. The circumstances and surroundings at that time are clearly described by an officer named Dickson, who says in his testimony: "* * * and I went up there and turned to the right about 125 yards and went over there and found the still in behind a log. * * * and we walked on a little bit and seen where some more leaves were disturbed, and I went right in under a rock there and pulled out a gallon of liquor; that is, Griffin pulled the liquor out."

Another officer testifying said (Record, pg. 2):

"A. Well, we went and searched around the home and finally started up the hill, and I think about 150 yards from his home we found a complete still and one gallon of whiskey; and I suppose maybe within ten feet of the still we found the gallon of whiskey, and about 100 feet from the still we found two sacks with three one gallon jugs in each and two one gallon jugs on the outside."

The record does not disclose any other incriminating evidence except that in searching the house and out buildings a number of jugs were found, but the possession of the jugs is fully explained in the evidence adduced by the defense.

MIDDLETON, PJ.

"It has been held by many courts in this state that where intoxicating liquor or prop-

(Continued on Page 325)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

For full history of these cases see Omnibus Index, last page.

**MAY 9, 1928**

21142—Kettenring v. Kettenring; motion for Lucas appeals to certify. Jas. H. Boyd, Toledo, for plaintiff; T. T. Shaw and Marshall, Melhorn, Marlar & Martin, Toledo, for defendant.

21143—Beldman v. Jalalaty; motion for Cuyahoga Appeals to certify. Frank F. Gentsch, Cleveland, for plaintiff; Payer, Minshall, Karch & Kerr, Cleveland, for defendant.

21144—Empire Finance Co. v. Elliott; motion for Summit Appeals to certify. Mather, Nesbitt & Willkie, Akron, for plaintiff; Lahrmer & Hadley, Akron, for defendant.

21145—Strauss Brothers Co. v. Long, Auditor; motion for Hamilton Appeals to certify. Paul Scudder, Hamilton, for plaintiff; John P. Rogers, Hamilton, for defendant.

**MAY 10, 1928**

21146—Hewitt v. Stone; motion for Montgomery Appeals to certify. E. H. and W. B. Turner, Dayton, for plaintiff; Burkhart, Heald & Pickrel, Dayton, for defendant.

**MAY 11, 1928**

21147—State ex Best v. Brown, Sec. of State; In Mandamus. Edgar Ervin and A. A. Porter, Columbus, for plaintiff; E. C. Turner, Columbus, for defendant

21148—Neiding, Admr. v. Burkley, Admr.; motion for Cuyahoga Appeals to certify. John A. Neiding, Cleveland, for plaintiff; B. I. Davison and Jules Eshner, Cleveland, for defendant.

21149—United Commercial Travelers v. Etchen; motion for Franklin Appeals to certify. E. W. Dillon, Columbus, for plaintiff.

21150—Hall v. Cadwallader; motion for Columbiana Appeals to certify. K. L. Cobourn, Salem, for plaintiff; Brooks & Thompson, East Liverpool, for defendant.

**MAY 12, 1928**

21151—Cleveland Printing Ink Co. v. Phillips; motion for Cuyahoga Appeals to certify. Squire, Sanders & Dempsey, Cleveland, for the plaintiff; Roscoe M. Ewing, Cleveland, for defendant.

21152—Bacon, Trustee, v. Grubb; motion for Tuscarawas Appeals to certify. Seikel, Hill & Seikel, Dover, and Burch. Bacon, Denlinger & Seikel, Akron, for plaintiff.

**MAY 14, 1928**

21053—Hibbs v. Industrial Commission; motion for Tuscarawas Appeals to certify. J. C. Mitchell, New Philadelphia, for the plaintiff.

**MAY 15, 1928**

21154—Foster v. Helwig et al; motion for Stark Appeals to certify. Black, McCuskey, Ruff & Souers, Canton, for plaintiff; Wm. R. Thom and W. H. Smith and Herbruck, Shetler, Melchoir & Roach, Canton, for defendants,

21155—L. Dautel & Sons Co. v. O'Bradovich; motion for Cuyahoga Appeals to certify. Jno. H. McNeal and Henry J. Reed, Cleveland, for plaintiff; Cerrezin & Wilson and M. C. Harrison, Cleveland, for defendant.

## PROCEEDINGS OF
## SUPREME COURT

### GENERAL DOCKET
#### Wednesday, May 16, 1928

20629—Sullivan v. Cassidy. Hamilton. Affirmed.

20694—Maxwell Motor Corp. v. Winter. Montgomery. Affirmed.

20803—Youngstown & Suburban Co. v. Faulk. Mahoning. Reversed and judgment for plaintiff in error.

20896—C. D. & M. Elec. Co. v. commissioners of Marion Co. Marion. Affirmed.

20901—Tyler Co. v. Rebic. Cuyahoga. Affirmed.

20925—State v. Axe. Auglaide. Exceptions sustained.

20965—Moore v. State. Greene. Reversed.

20692—Rehklau et v. Bourne. Lucas. Reversed.

21054—Godin v. Cleve. Ry. Co. Cuyahoga. Petition in error dismissed. No constitutional question.

21097—McCall v. State. Muskingum. Petition in error dismissed. No constitutional question.

### MOTION DOCKET

21054—Godin v. Cleve. Ry. Co. Motion to dismiss petition in error. Sustained.

21057—Cleve. Ry. Co. v. Godin et. Motion for Cuyahoga Appeals to certify. Overruled.

21088—Franke v. Blair Realty Co. Motion for Lucas Appeals to certify. Allowed.

21092—Harkness et v. Routson. Motion for Hancock Appeals to certify. Overruled.

21093—Grdina et v. Daly. Motion for Cuyahoga Appeals to certify. Overruled.

21097—McCall v. State. Motion for Muskingum Appeals to certify. Overruled.

21102—N. & W. Ry. Co. v. Moulton et. Motion for Scioto Appeals to certify. Overruled.

---

(Continued from Page 324)

erty of the character involved here is charged to have been found in the possession of any person, and the evidence does not show that when so found such person had actual physical possession of the liquor or property and that the only basis for the charge is that it was found on the premises owned or controlled by the accused, it must be shown that it was found at some point or place on such premises that the presumption reasonably arises that the accused knew of its presence there. In other words, possession under the statute in every case must be, as some of the courts have stated, a "conscious possession." In the instant case, before the accused should be found guilty of the charges made, it must appear that he knew of the presence of the liquor and still on his premises. This knowledge, of course, may be shown either by direct evidence or by inference, but, if by inference,

(Continued on Page 326)

(Continued from Page 325)
such inference must be so strong as to exclude any reasonable hypothesis other than that the accused knew of the presence of the still and intoxicating liquor at the places described. We think that the evidence does not reach that degree of proof. If this still was being operated on the farm of the accused it is reasonable to assume that some traces of such operation would be obtainable.

The judgment in each case, therefore, is reversed upon the ground that it is not supported by sufficient evidence and the cases are remanded to the Court of Common Pleas for further proceedings according to law."

(Mauck and Thomas, JJ., concur.)